Maurice W. McCann, J.
The defendant-petitioner was convicted in this court of the crime of grand larceny, second degree, upon his plea of guilty thereto and was on June 12, 1930 sentenced to Elmira Eeformatory according to the rules of that institution. He now seeks to have his conviction set aside on the ground that he was not advised of his right to counsel, was not represented by counsel, nor was he advised of his right to a trial by jury. The defendant has been granted a hearing and counsel was assigned to aid him. Upon the hearing he testified to the fact that he was not informed of his right to have counsel or to have a trial by jury, testified that he was not represented by counsel nor did he know that he was entitled to be so represented. He testified that he was at that time 19 years of age and that he pleaded guilty because the Sheriff (whose name he could not recall) told him that if he would plead guilty he would get probation. Upon cross-examination by the District Attorney he said that he could not remember the names of either the Sheriff or the Judge before whom he appeared, that he could only remember “ by the records ”. He further testified that he was sentenced upon the day that he pleaded guilty, whereas the clerk’s records show that the sentencing actually took place some six days later, on June 12, 1930.
The People called as a witness the then Court Clerk who testified that he did not have any present recollection of the defendant; the clerk did, however, testify positively that the then Judge Always informed the defendants of their rights. I do not feel that this defendant has convincingly proven Ms *311 case here. He admitted that his recollection was solely by the record, as he phrased it.
I am, however, faced with the Per Curiam opinion in the case of the People v. Brillian (3 A D 2d 318, 319 [4th Dept.]) wherein the court said:
“ Petitioner’s testimony, coupled with a showing of the absence of any court records indicating that he was advised upon his arraignment of his right to counsel or asked if he desired counsel, we believe, constitutes sufficient substantial evidence to call upon the People to go forward with their proof.
“ The failure of the People to call either the District Attorney or the court reporter, both of whom were available, is significant. This failure, coupled with the testimony of the sentencing Judge, we believe, does not overcome appellant’s claim.”
In the case before me both the District Attorney and the Judge are dead, only the Court Clerk was available and he had no present recollection of this defendant’s appearance in court on June 6,1930. Were I to now deny the petition of this defendant it would but be to invite a reversal on an appeal.
The petition is granted. Submit order.